**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Adrian Zevon Lewis, | Case No. 2:25-cv-01915-RFB-BNW |
| Plaintiff, | |
| v. | **Order** |
| Clark County, et al., | |
| Defendants. | |

     Pro se plaintiff Adrian Lewis brings this lawsuit regarding alleged constitutional violations by several defendants. He moves to proceed *in forma pauperis*. ECF No. 1. Lewis submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Lewis' request to proceed in forma pauperis therefore will be granted. The court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.    Screening standard**

     Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1    his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

2    2014) (*quoting Iqbal*, 556 U.S. at 678).

3        In considering whether the complaint is sufficient to state a claim, all allegations of

4    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

5    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

6    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

7    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

8    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

9    Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

10   plaintiff should be given leave to amend the complaint with notice regarding the complaint's

11   deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12       **B.    Screening the complaint**

13       Plaintiff simply provides the causes of actions he wishes to pursue against defendants but

14   fails to provide any facts supporting the different allegations. Although Plaintiff files several

15   exhibits, he must still provide a factual narrative that corresponds to each of the causes of action

16   he wishes to assert. As it stands, the court finds Plaintiff does not state a claim against any of the

17   defendants mentioned in the complaint. This Court therefore will dismiss his complaint with

18   leave to amend.

19       If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

20   Complaint." The amended complaint must contain a short and plain statement describing the

21   underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2).

22   Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still

23   must give each defendant fair notice of his claims and entitlement to relief.

24       Additionally, Plaintiff is advised that if he files an amended complaint, the original

25   complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended

26   complaint must be complete in and of itself without reference to prior pleadings or other

27   documents. The court cannot refer to a prior pleading or other documents to make his amended

28   complaint complete.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that Plaintiff's complaint be dismissed with leave to amend. Should Plaintiff wish to amend his complaint, he must do so no later than November 10, 2025. Failure to file an amended complaint buy the due date may result in this case being dismissed.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file plaintiff's complaint (ECF No. 1-1).

DATED: October 8, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE